UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONI ANN GREEN | CIVIL ACTION |
| VERSUS | NO. 23-111 |
| SUPERIOR HONDA, *et al.* | SECTION M (5) |

## ORDER & REASONS

Before the Court is a motion to dismiss filed by defendant American Honda Finance Corporation ("American Honda").[1] The motion is set for submission on March 9, 2023.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance March 1, 2023. Plaintiff Toni Ann Green, who is proceeding *pro se*, did not file an opposition to the motion. Although the Court construes *pro se* filings liberally, *pro se* parties are still required to "abide by the rules that govern the federal courts." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 6.

[2] R. Doc. 6-2.

[3] Green asserts claims against Superior Honda (which has not yet been served with process) and American Honda Finance Corporation for "unfair trading practices, misrepresentation[,] breach of contract[,] [and] truth in lending violations" following her purchase of a 2018 Acura RDX from Superior Honda. R. Doc. 1 at 1. The transaction occurred on January 2, 2021. R. Doc. 1-5 at 1. Green argues that the transaction was deficient on numerous grounds, including that it "constituted ... a Financial Asset by way of an investment security," R. Doc. 1 at 2, and alleges that she was "induce[d]" into the contract by the defendants' deceptive practices. *Id.* at 3. Green also contests the assignment of her car loan to a third party, here, American Honda. *Id.* at 3-4. American Honda argues that Green's statutory claims under the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA"), La. R.S. 51:1401 *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, are time-barred. R. Doc. 6-1 at 6-8. The Court agrees. The limitations period under LUTPA is "one year running from the time of the transaction or act which gave rise to this right of action." La. R.S. 51:1409(E). The limitations period under TILA is "1 year from the date on which the first regular payment of principal is due under the loan." 15 U.S.C. § 1640(e). Green's own filings indicate that the transaction occurred on January 2, 2021, R. Doc. 1-5, and that she did not initiate this suit until January 9, 2023. R. Doc. 1 at 1. Accordingly, Green's claims under these provisions are time-barred and are properly

IT IS ORDERED that American Honda's motion to dismiss (R. Doc. 6) is GRANTED in that Green's claims against American Honda under LUTPA and TILA are DISMISSED WITH PREJUDICE and her claims for misrepresentation and breach of contract are DISMISSED WITHOUT PREJUDICE.  Green has fifteen (15) days from the date of this Order to file an amended complaint to cure the pleading deficiencies noted herein concerning her claims for misrepresentation and breach of contract.  Failure to file an amended complaint within this timeframe will result in the dismissal of these claims with prejudice as well.

New Orleans, Louisiana, this 3rd day of March, 2023.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

dismissed with prejudice.  As for the state-law claims for misrepresentation and breach of contract, American Honda argues that Green has failed to adequately allege facts supporting the elements for each claim.  R. Doc. 6-1 at 5-7.  The Court agrees.  "Under Louisiana law, the tort of negligent misrepresentation has three elements: (1) there must be a legal duty on the part of the defendant to supply correct information; (2) there must be a breach of that duty; and (3) the breach must have caused damages to the plaintiff."  *Schaumburg v. State Farm Mut. Auto. Ins. Co.*, 421 F. App'x 434, 439-40 (5th Cir. 2011) (quotation omitted).  For fraudulent misrepresentation, the elements are "(1) a misrepresentation of material fact, (2) made with intent to deceive, (3) causing justifiable reliance with resulting injury."  *Farber v. Deutsche Bank Nat'l Tr. Co.*, 2020 WL 5820076, at *5 (E.D. La. Sept. 30, 2020) (quotation omitted).  Moreover, fraud allegations must "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  The elements for a breach-of-contract claim are "(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee."  *Favrot v. Favrot*, 68 So. 3d 1099, 1108-09 (La. App. 2011).  Green's allegations are entirely conclusory and fail to relate the facts she does allege to the essential elements of her claims.  The complaint is devoid of allegations concerning the details of any purported misrepresentations or how any contract was breached in a recognizable fashion.  However, given that Green is proceeding *pro se*, the Court will dismiss those claims without prejudice to her right to amend the complaint to cure the deficiencies in her pleading of the misrepresentation and breach-of-contract claims.  Fed. R. Civ. P. 15(a)(2).

2