UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TONI ANN GREEN                                                    CIVIL ACTION

VERSUS                                                            NO. 23-111

SUPERIOR HONDA, *et al.*                                          SECTION M (5)

## ORDER & REASONS

Before the Court is a motion to dismiss filed by defendant American Honda Finance Corporation ("American Honda").[1] The motion is set for submission on April 20, 2023.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance April 12, 2023. Plaintiff Toni Ann Green, who is proceeding *pro se*, did not file an opposition to the motion. Although the Court construes *pro se* filings liberally, *pro se* parties are still required to "abide by the rules that govern the federal courts." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 11.
[2] R. Doc. 11-3.
[3] This dispute arises out of Green's purchase of a 2018 Acura RDX from Superior Honda in January 2021. R. Doc. 1 at 1. The Court previously granted American Honda's first motion to dismiss, R. Doc. 6, concluding that Green's claims under the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA") and the Truth in Lending Act ("TILA") had prescribed, and dismissed those claims with prejudice. R. Doc. 7 at 1-2 & n.3. Green's claims for breach of contract and misrepresentation against American Honda, however, were dismissed without prejudice to her right to amend the complaint to cure the deficiencies in her pleading of those claims. *Id.* at 2. The Court permitted Green 15 days to file any such amendments. *Id.* Green filed an amended complaint wherein she reurges her original breach-of-contract, misrepresentation, LUTPA, and TILA claims and appears to add a claim for "accord and satisfaction." R. Doc. 9 at 1. In response, American Honda filed the instant motion to dismiss, arguing that Green failed to adequately plead the remaining claims she asserts against it and urging that the Court dismiss those claims with prejudice as well. R. Doc. 11-1 at 3. A review of Green's amended complaint demonstrates that it suffers from the same pleading deficiencies previously identified by the Court. When reading Green's original and amended complaints together, and construing the filings liberally, Green's allegations remain wholly conclusory and fail to relate any facts in support of the essential elements of her claims. As for the misrepresentation claim, Green's

IT IS ORDERED that American Honda's motion to dismiss (R. Doc. 11) is GRANTED.

---

amended complaint states only that "[t]he language of the [sales contract] does not make clear unambiguously the meaning of 'security interest' to include equitable interest from my financial asset which was purchased for value." R. Doc. 9 at 1. In her original complaint, she argues that Superior Honda's assignment of its rights under the contract to American Honda transformed her promise to pay into an investment security governed by the Uniform Commercial Code and the Securities Exchange Act of 1934 and, therefore, the defendants' characterization of the transaction as a loan was false because they never "disclose[d] the fact that this transaction was an investment security of which my financial asset was principal." R. Doc. 1 at 2. Because the promise to pay was an investment security as opposed to a loan, Green insists that the defendants "never satisfied the obligation of payment for my financial asset in an even exchange to me," *id.*, and so she disputes whether she should be "indebted" to them at all as a result of her purchase of the Acura from Superior Honda. R. Doc. 9 at 1. "Under Louisiana law, the tort of negligent misrepresentation has three elements: (1) there must be a legal duty on the part of the defendant to supply correct information; (2) there must be a breach of that duty; and (3) the breach must have caused damages to the plaintiff." *Schaumburg v. State Farm Mut. Auto. Ins. Co.*, 421 F. App'x 434, 439-40 (5th Cir. 2011) (quotation omitted). For intentional or fraudulent misrepresentation, the elements are "(1) a misrepresentation of material fact, (2) made with intent to deceive, (3) causing justifiable reliance with resulting injury." *Farber v. Deutsche Bank Nat'l Tr. Co.*, 2020 WL 5820076, at *5 (E.D. La. Sept. 30, 2020) (quotation omitted). Moreover, fraud allegations must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Neither the allegations in Green's amended complaint, nor those in her original complaint, relate to these essential elements. And the retail contract between her and Superior Honda – which Green attached to her original complaint – belies her arguments. First, the contract states that "[b]y signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract." R. Doc. 1-5 at 1. Green signed the contract, and so she agreed to financing the purchase of the vehicle with a loan. Next, the contract clearly provides for Superior Honda's assignment of its rights to American Honda. *Id.* The contract also required Green to provide a security interest in, *inter alia*, the vehicle itself to "secure payment of all [she] owes on the contract." *Id.* at 2. Other than Green's conclusory allegation that her promise to pay was converted into an investment security through the lending process, which fails to comply with Rule 8 of the Federal Rules of Civil Procedure, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), Green makes no allegations bearing on American Honda's purported misrepresentation of the terms or nature of the transaction she voluntarily executed with Superior Honda. Therefore, dismissal of Green's misrepresentation claim is proper.

Likewise, as for Green's breach-of-contract claim, her amended complaint fails to cure any of the pleading deficiencies in her original complaint. Indeed, the allegations in the amended complaint simply reiterate her conclusion that the defendants breached the sales contract. R. Doc. 9 at 2. Under Louisiana law, the elements for a breach-of-contract claim are "(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee." *Favrot v. Favrot*, 68 So. 3d 1099, 1108-09 (La. App. 2011). In her original complaint, Green asserts that the defendants were "in direct breach of our agreement" because they intentionally "disguised" the "transaction as a loan back to me" when it actually constituted "an investment security." R. Doc. 1 at 3. The amended complaint flatly concludes that "if things are misrepresented in the agreement ... we also have a breach of contract." R. Doc. 9 at 2. Green provides no other competent allegations as to American Honda's purported breach of the contract and, necessarily, does not relate those allegations to the essential elements of a breach-of-contract claim. Therefore, dismissal of the breach-of-contract claim is also proper.

Finally, Green's amended complaint fails to raise any allegations relevant to an accord and satisfaction of Green's contract with Superior Honda. "Under Louisiana law, an accord and satisfaction is a contract terminating a dispute between parties over obligations claimed due under a previous contract." *United States v. Bloom*, 112 F.3d 200, 206 (5th Cir. 1997). An "[a]ccord and satisfaction is present when a debtor tenders a check with a written notation indicating it is in full settlement of all claims and the claimant *accepts* the tender." *Cooper v. Baton Rouge Cargo Serv., Inc.*, 304 So. 3d 86, 91 (La. App. 2020) (emphasis added). Here, Green's amended complaint simply lists an accord and satisfaction as one of the claims she now brings against the defendants. The amended complaint does not allege that she tendered an amount lower than the amount she owed on the car loan, nor does it allege that either of the defendants accepted such amount in full satisfaction of her obligations under the contract. As such, dismissal of Green's "claim" for accord and satisfaction is also appropriate.

IT IS FURTHER ORDERED that Green's remaining claims against American Honda are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 14th day of April, 2023.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE