UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TONI ANN GREEN                                        CIVIL ACTION

VERSUS                                                NO. 23-111

AMERICAN HONDA FINANCE                                SECTION M (5)
CORPORATION

**ORDER & REASONS**

Before the Court is a motion for reconsideration filed by plaintiff Toni Ann Green.[1] Defendant American Honda Finance Corporation ("American Honda") responds in opposition,[2] and Green replies in further support of her motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

Green seeks reconsideration of the Court's prior decisions[4] dismissing her claims against American Honda. In its March 3, 2023 Order & Reasons, the Court dismissed Green's claims under the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA") and the Truth in Lending Act ("TILA") with prejudice, because it found that those claims had prescribed.[5] The Court dismissed Green's remaining claims – for misrepresentation and breach of contract – without prejudice to her filing an amended complaint that cured the pleading deficiencies noted by the Court.[6] Green subsequently filed an amended complaint,[7] which prompted American Honda to file a renewed motion to dismiss, wherein it argued that Green failed to cure the deficiencies in

---

[1] R. Doc. 13.
[2] R. Doc. 15.
[3] R. Doc. 18.
[4] R. Docs. 7; 12.
[5] R. Doc. 7 at 1-2.
[6] *Id.* at 2.
[7] R. Doc. 9.

her pleading of the misrepresentation and breach-of-contract claims.[8]  The Court agreed and, in its April 14, 2023 Order & Reasons, dismissed Green's remaining claims against American Honda with prejudice.[9]

In her motion for reconsideration, Green concedes that her "initial pleading" and her "Amended Claim(s)" fail to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, but she nevertheless requests that the Court grant her yet another opportunity to re-amend her complaint.[10]  American Honda opposes the motion, arguing that, under Rule 60(b) of the Federal Rules of Civil Procedure, Green has failed to demonstrate entitlement to reconsideration of the Court's dismissal of her claims against it.[11]  In her reply in further support of the motion to reconsider, Green simply realleges that American Honda violated TILA, and that such conduct constitutes "[f]raudulent misrepresentation" and a "[b]reach of [c]ontract."[12]

At this stage, because the Court has not dismissed all of Green's claims against all the parties, Rule 60(b) does not provide the standard for reviewing Green's motion for reconsideration. After all, Superior Honda is also a defendant in this action, and none of Green's claims against it have been dismissed.  Green's motion, then, is properly treated as a motion to reconsider an interlocutory order.

Motions for reconsideration of interlocutory orders are governed by Rule 54(b) of the Federal Rules of Civil Procedure, which provides that:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

---

[8] R. Doc. 11.
[9] R. Doc. 12.
[10] R. Doc. 13 at 1.
[11] R. Doc. 15 at 3.
[12] R. Doc. 18 at 1.

"Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). Rule 54(b) "reflect[s] the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)) (internal citations and quotations omitted). However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993) ("if the district court was required to reconsider [an interlocutory order] simply because [the losing party] belatedly came forward with evidence not submitted prior to the ruling[,] ... the cycle of reconsideration would be never-ending"); *Domain Protection, LLC v. Sea Wasp, LLC*, 2019 WL 3933614, at *5 (E.D. Tex. Aug. 20, 2019) ("although a district court *may* revisit an interlocutory order on any ground it sees fit, it may also use its discretion to prevent parties from, without justification, raising new arguments for the first time") (emphasis in original; alterations, internal quotation marks, and citation omitted); 18B CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 (3d ed. 2019) ("A trial court could not operate if it were to yield to every request to reconsider each of the multitude of rulings that may be made between filing and final judgment.").

Here, without any attempt to state what was wrong about either the Court's March 3, 2023 Order & Reasons or its April 14, 2023 Order & Reasons, or to say how she could now remediate her pleading deficiencies, Green baldly urges that the Court reconsider these decisions,

3

notwithstanding her repeated failure to adequately plead her claims against American Honda.[13]  In her reply, Green simply reasserts – in conclusory fashion – that American Honda violated TILA.[14]  Thus, Green provides no justification whatsoever for her request that the Court reexamine its decision to dismiss her claims under LUPTA and TILA as prescribed, and likewise offers no reason for why she should be given *yet another* opportunity to replead her claims for misrepresentation and breach of contract.  Therefore, the Court declines to reconsider its Orders & Reasons, as neither Green's motion nor the Court's review of the record justifies revisiting its conclusion to dismiss Green's claims against American Honda with prejudice.[15]  *See Domain Protection*, 2019 WL 3933614, at *5.

Accordingly,

IT IS ORDERED that Green's motion for reconsideration (R. Doc. 13) is DENIED.

New Orleans, Louisiana, this 15th day of May, 2023.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[13] R. Doc. 13.

[14] R. Doc. 18 at 1-2.

[15] Because the Court declines to exercise its discretion to reconsider its previous Orders & Reasons pursuant to Rule 54(b), it necessarily follows that Green cannot demonstrate entitlement to reconsideration under the more exacting standard of Rule 60(b), even were it to apply.